# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MR. FRANK SCHILLER,

                Petitioner,

v.

WARDEN LIZZIE TEGELS,

                Respondent.

Case No. 24-CV-591-JPS

**ORDER**

On May 13, 2024, Petitioner Frank Schiller ("Schiller" or "Petitioner"), through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Schiller paid the filing fee in full on May 13, 2024. The Court screens his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

1. **FACTUAL BACKGROUND**

Schiller entered a no-contest plea to one count of homicide by intoxicated use of a vehicle, second or subsequent offense, contrary to Wis. Stat. § 940.09(1)(a). ECF No. 1 at 2. He was sentenced to a term of twenty-five years initial confinement and fifteen years extended supervision. *Id.*

Schiller filed a direct appeal to his judgment of conviction in the Wisconsin Court of Appeals. *Id.* at 3. In that appeal, he argued that the police violated his Fourth Amendment rights. *Id.* The Wisconsin Court of Appeals affirmed the trial court's conviction and judgment. *Id.* Schiller petitioned for review to the Wisconsin Supreme Court. On February 21, 2023, the Wisconsin Supreme Court denied review. *Id.*

Now, Schiller seeks habeas relief on the following ground: that law enforcement's entry into his hospital room violated his constitutional right to be free from unreasonable searches and seizures. *Id.* at 6.

2. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

Claims for federal habeas relief under the Fourth Amendment are generally barred, "so long as the state court granted [the petitioner] a full and fair hearing on the claim." *Monroe v. Davis*, 712 F.3d 1106, 1112–13 (7th Cir. 2013) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). "Establishing that the petitioner was not granted a full and fair hearing is thus the means of surmounting the *Stone* bar and opening the door to federal review of the merits of the petitioner's Fourth Amendment claim." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 395, n.5 (2007)). A defendant has had an opportunity for full and fair litigation of a Fourth Amendment claim when "(1) he clearly apprised the state court of his Fourth Amendment claim along with the factual basis for that claim, (2) the state court carefully and thoroughly

analyzed the facts, and (3) the court applied the proper constitutional case law to those facts." *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005).

The role of a federal court on habeas review is "not to second-guess the state court on the merits of the petitioner's claim, but rather to assure [itself] that the state court heard the claim, looked to the right body of case law, and rendered an intellectually honest decision." *Monroe v. Davis*, 712 F.3d 1106, 1114 (7th Cir. 2013). "It takes more than an error in the state court's analysis to surmount the *Stone* bar to collateral relief . . . ." *Id.* Only if the error "betray[s] an unwillingness on the part of the [state] judiciary to treat [the petitioner's] claim honestly and fairly" will that error provide a basis for a merits review of a Fourth Amendment claim in a federal *habeas* case. *Id.*

Here, Schiller does not appear to be claiming that he did not receive a full and fair hearing on his Fourth Amendment claim, and therefore habeas relief would not be permissible on this ground. Along with the petition, Schiller attached a copy of the Wisconsin Court of Appeals decision. ECF No. 1-7. On appeal, Schiller conceded that controlling precedent applied and that he only brought his appeal to reserve the issue for Wisconsin Supreme Court Review. ECF No. 1-7 at 1–2. This certainly does not sound in the state court's unwillingness to treat petitioner's claim honestly and fairly.

Because it does not appear that Schiller's ground for relief is cognizable in federal habeas, the Court will allow him the opportunity to amend or voluntarily dismiss the petition based on the Court's guidance in this Order. If Schiller brings a cognizable habeas claim, he should amend his petition to clarify his Fourth Amendment ground. The Court will allow Schiller to file an amended complaint on or before **July 8, 2024**. If Schiller

does not file an amended petition, the Court will deny his petition for bringing a ground not cognizable in habeas.

Accordingly,

**IT IS ORDERED** that on or before **July 8, 2024**, Petitioner shall file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; the failure to do so will result in the denial of the petition for the failure to bring a cognizable habeas claim.

Dated at Milwaukee, Wisconsin, this 4th day of June, 2024.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge